## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

JOSE JULIO SALGUERO MELGAR
4602 Usange Street
Beltsville, Maryland 20705

      *Plaintiff*,

     v.

CGC HOLDINGS, INC.
formerly known as CAPITAL PRODUCE II, INC.
7540 Assateague Drive
Jessup, Maryland 20794
Serve: The Corporation Trust Incorporated
    2405 York Road, Suite 201
    Lutherville-Timonium, Maryland 21093

      *Defendant*.

Civil Action No.: 20-3059

## COMPLAINT

Plaintiff, Jose Julio Salguero Melgar ("Plaintiff" or "Plaintiff Melgar") brings this action against Defendant, CGC Holdings, Inc. formerly known as Capital Produce II, Inc. ("CGC"), ("Defendant"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427. In support, Plaintiff alleges as follows:

### THE PARTIES

1.     Plaintiff is an adult resident of Prince George's County, Maryland and was employed by Defendant as a fish cleaner from in or around 2013 to September 21, 2020, when he was terminated.

2.     CGC is a corporation organized under the laws of the State of Maryland. It is a wholesale distributor of fish and produce. Plaintiff was initially employed by Capital Produce II,

Inc., which then merged with CGC in or around December 1, 2017. CGC is a successor corporation to Capital Produce II because CGC continued the operations of Capital Produce II, Inc. after the merger, CGC provides essentially the same services as Capital Produce II, Inc., and CGC assumed all liabilities of Capital Produce II, Inc. CGC was Plaintiff's "employer" as that term is defined within the FLSA and MWHL, because, through its agents, owners, officers and/or members, it employed the Plaintiff directly, hired him, set his rate of pay and determined his manner of pay, set the terms and conditions of his employment, set his schedule, directed him in the performance of his work, maintained employment records for Plaintiff, disciplined him, and paid him his wages. CGC is also an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it has: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## JURISDICTION

3.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

4.     This Court has *in personam* jurisdiction over Defendant because it conducts business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

5.      At all relevant times during the period October 21, 2017 to October 21, 2020 ("Statutory Period"), Plaintiff was employed by the Defendant as a fish cleaner.

6.      Plaintiff's main duties were to clean and gut fish in preparation for distribution to Defendant' customers.

7.      Plaintiff was not a supervisor or manager for the Defendant and did not have any supervisory or managerial duties.

8.      Plaintiff did not drive a company truck, load trucks or make deliveries for the Defendant.

9.      Plaintiff was not classified as "exempt" from the overtime provisions of the FLSA and MWHL by the Defendant.

10.      Plaintiff regularly worked 6 days per week. Defendant required Plaintiff to clock-in and clock-out using a time clock. And, during the entire statutory period, Plaintiff worked a minimum of 48 hours per week and sometimes worked as much as 50-55 hours per week.

11.      At some point in 2020 (estimated to be April or May, 2020), Defendant laid Plaintiff off and then subsequently re-employed him. Only after re-employing him following the lay-off, did Defendant correct their unlawful practices and begin paying the Plaintiff on an hourly basis with an overtime premium for each hour over 40 that he worked in a work week.

12.      However, prior to that point in 2020 (estimated to by April or May, 2020), Defendant invariably paid Plaintiff a fixed amount of wages each week and failed to pay him an overtime premium for his overtime hours (equal to one and one-half times his regular hour rate). Defendant's own records would indicate when they laid Plaintiff off and began paying the him on an hourly basis.

3

13.     During the entire time that Defendant unlawfully paid Plaintiff a fixed amount each week (without an overtime premium), it had actual knowledge that this violated both the FLSA and the MWHL, because it was previously sued (in September 2015) for paying non-exempt employees like Plaintiff on a salary basis. *See Cortez v. Capital Produce Company*, 8:15-cv-02783-JKS, (D. Md. 2015).

14.     And during the time Defendant paid Plaintiff unlawfully, it also had knowledge that Plaintiff was a non-exempt employee (under the FLSA and MWHL) who must be paid at a rate equal to one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201 – 216 (b)**

15.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

16.     At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

17.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

18.     Defendant violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked from October 21, 2017 to sometime in 2020 (estimated to be April or May, 2020), when it laid Plaintiff off temporarily.

19.     Defendant's actions were willful as defined by the FLSA and were not undertaken in good faith. Therefore, the statute of limitations is three years and Plaintiff is entitled to liquidated damages equal to the amount of the unpaid wages.

20.     Defendant is liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. § 3-420**

21.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

22.     At all times relevant to this Complaint, Defendant was an "employer" of the Plaintiff within the meaning of the MWHL.

23.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendant within the meaning of the MWHL.

24.     Defendant violated the MWHL by knowingly failing to pay Plaintiff an overtime premium for his overtime hours.

25.     Defendant did not act in good faith, entitling Plaintiff to liquidated damages. The statute of limitations is three years, regardless of whether Defendant acted willfully.

26.     As a result, Defendant is liable to Plaintiff for his unpaid and illegally withheld overtime wages from October 21, 2017 to sometime in 2020 when Defendant laid him off (estimated to be April or May, 2020), an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a)     enter a judgment against Defendant and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

5

b)      enter a judgment against Defendant and in favor of Plaintiff, based on Defendant's violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime wages and an equal sum as liquidated damages;

c)      award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. § 3-427 (a).

Respectfully submitted,

_____/s/_____
Suvita Melehy
Maryland Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: smelehy@melehylaw.com
*Attorneys for Plaintiff*